840 F.2d 17
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scott McDONOUGH and Cheryl McDonough, husband and wife, and
Scott McDonough, as next friend of Michelle
McDonough, a minor, Plaintiffs-Appellants,
v.
NOLAN, INC., a Minnesota corporation, individually and d/b/a
E-Z Mini Storage Company; Nolan Brothers, Inc., a Minnesota
corporation; and William Howard, as Trustee of Nolan Family
Trust, created under the law of Minnesota, d/b/a E-Z Mini
Storage, jointly and severally, Defendants-Appellees.
 No. 87-1452.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY Jr., and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 On August 3, 1984, Scott McDonough, a residential and commercial telephone lineman-installer for Michigan Bell Telephone Company, fell off a ladder from a height of approximately twenty feet while attempting to install a temporary construction site telephone line for the defendants-appellees, the owners of the site and the general contractor for the project.
 
 
 2
 McDonough is a quadriplegic as a result of the accident. He and his family filed suit against the defendants claiming they were liable for his injury under a number of theories. After some discovery, the district court entered summary judgment in favor of the defendants on all the theories of liability.
 
 
 3
 On appeal, the McDonoughs contend the district court erred by concluding that the defendants are not liable for the injury on the theory that McDonough was engaged in an inherently dangerous activity at the time he was injured and the theory that the defendants agreed to provide to its subcontractors a workplace which comported with the general safety standards established in the 1976 edition of the American Institute of Architects General Conditions of the Contract for Construction, incorporated by reference on the architect's drawings for the construction site.
 
 
 4
 We agree with the district court that the defendants are not liable under either theory of liability and, accordingly, affirm the judgment entered in favor of the defendants.
 
 
 5
 * On the day McDonough arrived at the site to install the telephone line, there were no buildings on the site and the land was in the process of being cleared. Two utility poles at the site, poles "A" and "B", were connected by a metal strand for support. Although the strand was not a communication line, a telephone wire was attached to the strand with a clamp near pole "A" and extended perpendicular from the strand. The attached telephone wire ran to a third utility pole, pole "C", which stood south of pole "A". A section of the perpendicular telephone wire was spliced.
 
 
 6
 Robert David, an employee of the defendants, met McDonough and gave him a telephone enclosure box which Michigan Bell had specified was required in order for the line to be installed. David asked McDonough to install the telephone line on pole "B". According to the district court, McDonough "expressed no reluctance to do that." David then left the site.
 
 
 7
 Because of the length the telephone wire would have to extend in order to be installed on the pole requested, McDonough concluded it would be necessary to install a mid-span clamp. Installing the clamp required McDonough to hook his ladder over the metal strand extending between the two poles. Due to the fact that the ground on one side of the strand was uneven, McDonough decided to hook his ladder on the side of the strand where the spliced wire was attached to the strand, despite the fact that the Michigan Bell practice manual states a ladder should not be placed on the same side of a strand as a connected wire.
 
 
 8
 After fastening his safety harness and climbing up the ladder, McDonough felt the strand move and started to descend. As he was doing so, the ladder vibrated, McDonough fell to the ground and immediately was paralyzed from his chest to his lower extremities.
 
 
 9
 McDonough's supervisor at Michigan Bell testified in a deposition that what caused McDonough to fall was the fact that by hooking his ladder onto the side of the strand where the perpendicular wire was attached to the strand, McDonough placed too much weight on the strand and the splice in the perpendicular wire gave way. In turn, the reaction from the splice separating caused the ladder to bounce and consequently, throw McDonough to the ground. McDonough's supervisor stated that, in his opinion, if McDonough had placed the ladder on the other side of the strand, the splice would not have separated.
 
 II
 
 10
 Summary judgment is appropriate when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 11
 Michigan follows the definition of inherently dangerous activity contained in sections 416 and 427 of The Restatement (Second) of Torts. Samhoun v. Greenfield Const. Co., 413 N.W.2d 723, 727 (Mich.App.1987).[1] Traditionally this doctrine imposes liability in tort on an employer of an independent contractor for the harm the contractor's negligence causes to a third party. See Restatement (Second) of Torts Secs. 416, 427 comments (1965). The doctrine "is an exception to the general rule that an employer of an independent contractor is not liable for the contractor's negligence or the negligence of his employees." Bosak v. Hutchinson, 375 N.W.2d 333, 338 (Mich.1985) (citations omitted). Illustration number one to section 427 provides an example:
 
 
 12
 A employs B, an independent contractor, to paint the wall of his building above the public sidewalk. In the course of the work a workman employed by B drops his paint bucket, which falls upon C, a pedestrian, and injures him. The danger is inherent in the work, and A is subject to liability to C.
 
 
 13
 Restatement (Second) of Torts Sec. 427 illustration 1 (1965).
 
 
 14
 However, despite its traditional application, "Michigan ... has, on occasion, allowed the doctrine to be applied to [impose liability on the employer for injuries to] employees of the contractor performing the dangerous work." Bosak, 375 N.W.2d at 338. Consequently, in Michigan
 
 
 15
 an employer is liable for harm resulting from work 'necessarily involving danger to others unless great care is used' to prevent injury, .... or where the work involves a 'peculiar risk' or 'special danger' which calls for 'special' or 'reasonable' precautions.... It must be emphasized, however, that the risk or danger must be 'recognizable in advance,' i.e., at the time the contract is made, for the doctrine to be invoked. Thus, liability should not be imposed where a new risk is created in the performance of the work which was not reasonable contemplated at the time of the contract.
 
 
 16
 Id. at 340 (citations and footnote omitted).
 
 
 17
 We agree with the district court that the defendants are not liable for McDonough's injury under even the broadest possible interpretation of this doctrine. McDonough was not performing work involving a "peculiar risk" or "special danger" to others when he fell off the ladder. What he was doing was performing a common, routine activity in order to complete the job he was sent to do, install a telephone line. Thus, his activity does not qualify as having been inherently dangerous. See Samhoun, 413 N.W.2d at 728.
 
 
 18
 Moreover, even if McDonough's activity qualified as having been inherently dangerous, Michigan requires that before liability is imposed on an employer for the injury of an independent contractor's employee, the employer must have been able to recognize the risk or danger causing the injury at the time the contractor was hired. There simply is no way the defendants in this case could have contemplated at the time they hired Michigan Bell to install the telephone line that McDonough would decide to install a mid-span clamp and would decide to place his ladder on the side of the metal strand where the spliced telephone wire was attached.
 
 
 19
 We also agree with the district court that there is no evidence in the record to support a finding that the defendants agreed to be bound by any statements contained in the 1976 edition of the American Institute of Architects General Conditions of the Contract for Construction, even if we agreed with the assertion that McDonough is among the class of persons intended to be protected by those conditions. The evidence indicated that the architect placed the notation referring to the General Conditions on his drawings solely upon his own initiative. There is no evidence in the record that the defendants were aware of the notation or gave the architect any kind of implicit authority to incorporate the General Conditions and thus bind the defendants to those terms.
 
 III
 
 20
 The district court concluded that, "[t]ragic as this case is, the law does not permit the plaintiff to seek relief from the defendant [sic] under these circumstances." We agree. Accordingly, the decision of the district court granting summary judgment in favor of the defendants is AFFIRMED.
 
 
 
 [1]
 Section 416 of The Restatement (Second) of Torts states:
 Work Dangerous in Absence of Special Precautions
 One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise. (emphasis supplied)
 Section 427 of The Restatement (Second) of Torts states:
 Negligence as to Danger Inherent in the Work
 One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger. (emphasis supplied)